# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**CARLA BLANKENSHIP,**
**Claimant Below, Petitioner**

**FILED**
May 7, 2015
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)   No. 13-0412** (BOR Appeal No. 2047690)
(Claim No. 2008038512) 2002032810)

**HEALTH MANAGEMENT ASSOCIATES**
**OF WEST VIRGINIA, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Carla Blankenship, by John C. Blair, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Health Management Associates of West Virginia, Inc., by H. Dill Battle III, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated April 2, 2013, in which the Board affirmed a September 14, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's June 22, 2011, decision that Ms. Blankenship is not entitled to greater than a 5% permanent partial disability award on a psychiatric basis. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Blankenship was working as a registered nurse for Health Management Associates at Williamson Memorial Hospital on April 3, 2008, when a combative patient kicked her in the side of the head. She reported to the emergency room and was diagnosed with left mandible and left maxillary contusions. Ms. Blankenship underwent left temporomandibular joint open arthroplasty. Thereafter on September 4, 2009, she reported to Robert B. Walker, M.D., for an independent medical evaluation. He opined that she had reached her maximum degree of medical

1

improvement and suffered 18% whole person impairment on an orthopedic basis related to the compensable injury. As a result Ms. Blankenship was granted an 18% permanent partial disability award on an orthopedic basis. Ms. Blankenship developed psychiatric issues and reported to Jay Narola, M.D., from June 18, 2009, until January 12, 2010. Ms. Blankenship then visited Rosemary Smith, M.D., on May 19, 2011, for a psychological evaluation. Following the psychological testing, Dr. Smith concluded the Ms. Blankenship's overall IQ placed her in the average range of cognitive functioning. Ms. Blankenship appeared to have functioning consistent with educational attainment. Dr. Smith noted that anxiety was not present in test results, however, depression was pronounced in the test protocol. She noted the claimant appeared receptive to counseling. Dr. Smith noted that Ms. Blankenship was realistic in self-concept and her usual response to problems, conflicts, or stress was adaptive and useful. Dr. Smith also found that her psychological insight was acceptable. Ms. Blankenship then underwent an independent psychiatric evaluation from Ralph S. Smith, Jr., M.D. Dr. Smith found 5% whole person impairment based upon Ms. Blankenship's psychiatric component of her injury. The claims administrator granted a 5% permanent partial disability award based upon the psychiatric independent medical evaluation performed by Dr. Ralph Smith. Ms. Blankenship timely protested this decision and asserted she was entitled to 8% permanent partial disability in accordance with the report of Ahmed Faheem, M.D. Dr. Faheem examined Ms. Blankenship on January 6, 2012, several months after Dr. Ralph Smith determined that Ms. Blankenship had reached her maximum degree of medical improvement. Dr. Faheem stated that Ms. Blankenship has a global assessment of functioning (GAF) score of 50 on the diagnosis page. However, later in the conclusion section of his report, Dr. Faheem opines that Ms. Blankenship has a GAF score between 55 and 60. Dr. Faheem opined Ms. Blankenship has suffered major depression subsequent to the injury of April 3, 2008. She did have some additional stressors, as noted by Dr. Ralph Smith, but the problems with depression and chronic pain developed well before those incidents. Dr. Faheem felt those were secondary issues, and he diagnosed her with Major Depressive Disorder and found that the problems related to that condition were pre-existent and continued in spite of Ms. Blankenship's difficulties. He agreed with Dr. Smith that Ms. Blankenship had reached maximum medical improvement. He recommended 8% impairment for the work injury.

The Office of Judges determined that Ms. Blankenship was not entitled to any more than a 5% permanent partial disability award related to the psychiatric component of her injury. The Office of Judges concluded that Dr. Ralph Smith's report was entitled to more evidentiary weight because it more closely followed the principles embodied in West Virginia Code of State Rules § 85-20-12.8 (2006). The Office of Judges arrived at this conclusion for several reasons. First, Dr. Faheem evaluated Ms. Blankenship nearly eight months after Dr. Ralph Smith determined that she reached her maximum degree of medical improvement. The Office of Judges determined it was more difficult for Dr. Faheem to distinguish between the symptoms that were work-related and those that were non-work-related. Next, the Office of Judges determined that the inconsistencies within Dr. Faheem's report calls into question its credibility. Dr. Faheem's report states that Ms. Blankenship has a global assessment of functioning (GAF) score of 50 on the diagnosis page. Later, in the conclusion section, Dr. Faheem opines that that Ms. Blankenship has a GAF score between 55 and 60. The Office of Judges noted the marked difference between a GAF score of 50 and one between 55 and 60. If Ms. Blankenship had a

GAF score of 55, then she would be in Class III, which usually requires mild continuous outpatient treatment. A GAF of 50 would place Ms. Blankenship in Class IV, moderate, which would usually require intensive outpatient treatment. Dr. Faheem did not explain why he suggests a GAF score of 50 in one part of his report and a score of 55 to 60 in another part of his report. The Office of Judges also found that Dr. Faheem failed to consider the fact that Ms. Blankenship had been off medication since May of 2011, which supports a Class II designation. The Board of Review adopted the findings of the Office of Judges and affirmed its Order.

We agree with the findings of the Office of Judges and conclusions of the Board of Review. Ms. Blankenship has failed to demonstrate that she is entitled to any more than a 5% permanent partial disability award for the psychiatric impairment related to her April 3, 2008, compensable injury. The only report that concludes otherwise is Dr. Faheem's. The Office of Judges was not in error to give greater weight to the report of Dr. Ralph Smith because of the inconsistencies in Dr. Faheem's GAF rating, the timing of Dr. Faheem's evaluation, and Dr. Faheem's failure to consider that Ms. Blankenship had been off medication for some time. The remaining evidence in the record supports Dr. Ralph Smith's determination that Ms. Blankenship has 5% whole person impairment related to her psychiatric condition.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  May 7, 2015**

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II